UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

        Plaintiff,

v.

ISLAND DISTILLERS, LLC,

        Defendant.

No.

HON.

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Daniel Felder (P68920)
Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
FelderD1@michigan.gov

Dated:  November 4, 2021

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Island Distillers, Inc., (Island Distillers) and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Island Distillers has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Island Distillers from making illegal sales and shipments by

issuing a cease-and-desist letter.  See Exhibit 1 (cease-and-desist letter).

6. Island Distillers failed to comply with the cease-and-desist request.

7. Island Distillers continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Island Distillers from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  *See* 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11. Defendant, Island Distillers, is a Hawaii corporation located at 577 Pakala St., Honolulu, Hawaii 96825.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Island Distillers is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## IV. **VENUE**

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Island Distillers has made an illegal sale and shipment of intoxicating liquor to an MLCC investigator who resides in Bay City, Michigan.

5

19. Bay City, Michigan, is located in the Eastern District of Michigan federal judicial district.

20. Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V. BACKGROUND

21. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Island Distillers is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23. Island Distillers continues to sell and ship spirits directly to Michigan consumers despite not holding or qualifying for a direct shipper license in the State of Michigan. Island Distillers' activities constitute illegal importation of intoxicating liquors.

24. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

25. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26. Spirits satisfy the definition of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

7

27. Island Distillers sells and ships Hawaiian spirits. Island Distillers <https://www.islanddistillers.com/> (accessed September 20, 2021).

28. The MLCC is the sole importer of spirits into this state, Mich. Comp. Laws § 436.1203(7). No license is available that would allow Island Distillers to sell and directly ship spirits to Michigan consumers.

## VI. FACTS

29. Island Distillers has not received and does not qualify for a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### 2019 Shipments

30. In April 2020, an MLCC investigator reviewed common carrier reports that FedEx had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2019. The report showed that nine shipments were sent to Michigan addresses by Island Distillers.

**Cease-and-Desist Letter**

31. Based on the MLCC investigator's findings, in May 2020, the Michigan Department of Attorney General sent a cease-and-desist letter to Island Distillers at the mailing address listed on the Hawaii Business Registration Division, Department of Commerce & Consumer Affairs. Exhibit 1. This is also the address listed for the entity's agent.

32. The letter was sent via certified mail to the above address, return receipt requested. The Department of Attorney General received a signed return receipt.

33. The cease-and-desist letter also included excerpts from common carrier reports from FedEx for 2019 that reflected nine shipments of alcoholic liquor into Michigan by Island Distillers. Exhibit 2 (common carrier reports).

34. The cease-and-desist letter informed Island Distillers that its practice of directly shipping alcoholic liquor to consumers in the State of Michigan is illegal. Furthermore, the cease-and-desist letter stated that legal action would result if Island Distillers continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan. See Exhibit 1.

### Subsequent Shipment

35. To investigate whether Island Distillers had discontinued its illegal shipments following the May 2020 cease-and-desist letter, on June 1, 2021, an MLCC investigator placed an order on Island Distillers' website, www.islanddistillers.com, for the purchase and shipment of one 750 ml bottle of HAPA Hawaiian Coconut Vodka. Exhibit 3 (order documentation).

36. The MLCC investigator purchased the bottle of vodka for $35.00 and paid $25.00 for shipping. Exhibit 3.

37. On June 3, 2021, the MLCC investigator received a package at his home in Bay City, Michigan, containing a 750 ml bottle of HAPA Hawaiian Coconut Vodka. Exhibit 4 (photographs of bottle).

38. The return address on the package fulfilling the investigator's order read: Island Distillers, 577 Pakala St., Honolulu, HI 96825. Exhibit 5 (photograph of return address label).

# COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

39. Plaintiff incorporates by reference paragraphs 1-38 as if fully restated herein.

40. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the violation; and
>
> (2) enforce compliance with the State law.

41. Because Island Distillers lacked a license, its sale of spirits and its shipment of spirits to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

42. Section 203, Mich. Comp. Laws § 436.1203, is a state law that regulates the importation and transportation of intoxicating liquor.

11

43. Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

44. Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

45. All nonjudicial means of restraining Island Distillers from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

46. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Island Distillers from making future sales and shipments of alcoholic liquor to Michigan consumers.

# COUNT II

# MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

47. Plaintiff incorporates by reference paragraphs 1-46 as if fully restated herein.

48. Island Distillers has engaged in illegal alcohol sales and shipments to a Michigan consumer.

49. These practices by Island Distillers constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Island Distillers has:

>  (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

\* \* \*

> (c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .

\* \* \*

> (n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

\* \* \*

(s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

* * *

(bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

* * *

(cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

50. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

51. Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a) Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining

Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b) Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c) The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1);

 f) Any other relief determined to be just and appropriate.

        Respectfully submitted,

        DANA NESSEL
        Attorney General

        <u>/s Daniel Felder</u>
        Daniel Felder (P68920)
        Kellie L. McGuire (P85058)
        Melinda A. Leonard (P63638)
        Assistant Attorneys General
        Alcohol & Gambling Enforcement Division
        25680 W. 8 Mile Rd.
        Southfield, MI 48033
        (313) 456-1180
        FelderD1@michigan.gov

Dated: November 4, 2021